**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| BERNARD BROWNLEE, | : | |
| | : | CIVIL ACTION NO. |
| Petitioner, | : | 1:06-CV-0516-RWS |
| | : | |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:03-CR-0400-RWS-ECS-2 |
| | : | |
| Respondent. | : | |
| | : | |

**ORDER**

This case comes before the Court on Petitioner Bernard Brownlee's

Motion to Vacate, Set Aside or Correct Sentence [163]; Petitioner's Motion for

Leave to Amend [175]; and Petitioner's Motion for Leave to File Affidavits in

Support [176].  After reviewing the entire record, the Court enters the following

Order.

On August 17, 2004 [105], Petitioner pled guilty to one count of

conspiring to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).  As

a part of his plea of guilty, Petitioner agreed to a limited appeal waiver.

(See Plea Agreement [105].)  Petitioner was sentenced by this Court on

December 1, 2004, to 240 months of imprisonment followed by ten years of

supervised release.  Judgment was entered on December 9, 2004 [132], and

Petitioner has not pursued a direct appeal.

In a document dated February 24, 2006, and entered on the docket on

March 3, 2006 [163], Petitioner moves to vacate his sentence pursuant to 28

U.S.C. § 2255.  Petitioner claims that (1) his conviction was obtained in

violation of the Speedy Trial Act; (2) his sentence was enhanced based on an

untimely notice seeking enhancement; (3) the Court improperly sentenced

petitioner based upon an erroneous interpretation of the United States

Sentencing Guidelines; (4) he is "Actual[ly] Innocent of the Enhanced Sentence

and the Mandatory Minimum Sentence Applied in this Case," (5) and he was

denied effective assistance of counsel.  In his Motion for Leave to Amend, he

seeks to also challenge the denial of his right to appeal.  For the reasons

discussed below, the Court must dismiss the Motion as untimely.

Under 28 U.S.C. § 2255, a movant must file a motion seeking relief from

a conviction or sentence within one year of "the date on which the judgment of

conviction [became] final[.]"  See 28 U.S.C. § 2255, ¶ 6(1).  If a movant does

not file an appeal, the judgment becomes final on the date that the time for

2

seeking direct review expired.  Bridges v. Johnson, 284 F.3d 1201, 1202 (11th

Cir. 2002).  Petitioner was sentenced on December 1, 2004, and because he did

not file an appeal, his conviction became final ten days after the Court entered

judgment on December 9, 2004.[1]  See Fed. R. App. P. 4(b)(1); Mederos v.

United States, 218 F.3d 1252, 1253 (11th Cir. 2000) ("Mederos did not file a

timely notice of appeal, and his January 21, 1999 motion for leave to file an

out-of-time appeal was denied. Accordingly, the judgment of conviction

became final on February 2, 1998, ten days after it was entered.").

Moreover, although Petitioner purports to claim "actual innocence" as to

the factual finding made at his sentencing that his criminal conviction involved

the distribution of crack cocaine, which subjected him to an enhanced sentence

and a mandatory minimum sentence, such a claim does not entitle petitioner to

review outside of the one-year limitations period because his claim attacks the

validity of his sentence and does not claim innocence of the underlying criminal

---

[1] Citing Clay v. United States, 537 U.S. 522, 525, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003), Petitioner contends that he has ninety days from the date judgment was entered in order to file his Motion to Vacate.  Had Petitioner filed a direct appeal, Petitioner would have had ninety days after the entry of the decision by the Court of Appeals—the time allotted to file a petition for a *writ of certiorari* in the Supreme Court. Id.  But since he filed no direct appeal, and Rule 4 of the Appellate Rules of Procedure required Petitioner to file a direct appeal of this Court's judgment within ten days, the judgment became final upon expiration of those ten days.

AO 72A
(Rev.8/82)

charge. See Wofford v. Scott, 177 F.3d 1236, 1244-45 & n.3 (11th Cir. 1999); Davis v. Pugh, 222 F. App'x 925 (11th Cir. 2007) (explaining that the "savings clause" contained in 28 U.S.C. § 2255 does not apply to claims of actual innocence of fact findings made at sentencing).

Excepting weekends and holidays, the Petition was due on December 23, 2004. Petitioner delivered his Petition to prison officials on February 24, 2005. Because Petitioner's Motion to Vacate, Set Aside or Correct Sentence [163] is untimely, it is **DENIED**.

As a result of the Court's disposition above, Petitioner's Motion for Leave to Amend [175] and Petitioner's Motion for Leave to File Affidavits in Support [176] are **DENIED as moot**.

**SO ORDERED** this  9th  day of January, 2008.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)